IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD J. CAVIN,

        Plaintiff,        Civil No. 09-6248-TC

        v.        FINDINGS AND RECOMMENDATION

STATE OF OREGON DEPARTMENT,
OF JUSTICE DIVISION OF CHILD
SUPPORT,

        Defendant.

COFFIN, Magistrate Judge.

    Plaintiff's application to proceed in forma pauperis (#1) is allowed. However for the reasons set forth below, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

    Plaintiff's 22 page single-spaced, typewritten complaint is a loosely connected series of factual averments concerning state court child custody and or child support proceedings. The complaint does not comply with the minimal pleading requirements of Fed. R. Civ. P 8 and is otherwise deficient in

1 - FINDINGS AND RECOMMENDATION

numerous respects. It is not necessary for the court to parse plaintiff's complaint for possible cognizable claims and explain its deficiencies in detail because the only named defendant is absolutely immune from suit in federal court under the Eleventh Immunity.

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 193) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, the court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In Civil rights cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v.

2 - FINDINGS AND RECOMMENDATION

Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also, Lopez, 939 F.2d at 883.

Before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987)  A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

The only named defendant in this case is "State of Oregon Department of Justice Division of Child Support."

The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States.  Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984).  The Eleventh Amendment otherwise bars any such action regardless

3 - FINDINGS AND RECOMMENDATION

of the nature of the relief sought.  <u>Cory v. White</u>, 457 U.S. 85 (1982); <u>Brooks v. Sulpher Springs Valley Elec. Co-Op</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."]  In addition, a state's waiver of sovereign immunity in its own court's does not waive its Eleventh Amendment immunity in federal court. <u>Edleman v. Jordan</u>, <u>supra</u>.  Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

Therefore plaintiff's claims against the "Oregon Department of Justice Division of Child Support" are barred by the Eleventh Amendment.

Based on all of the foregoing, plaintiff's complaint should be dismissed as frivolous and for failure to state a claim because the only named defendant is absolutely immunity from suit in federal court.  Because the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.  Plaintiff's Motion for Appointment of Counsel (#3) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have

4 - FINDINGS AND RECOMMENDATION

ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 16 day of September, 2009.

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION